**ANDERSON BANTA CLARKSON PLLC**
48 NORTH MACDONALD
MESA, ARIZONA  85201
TELEPHONE (480) 788-3053
adam@abclawgroup.com
Adam C. Anderson 024314
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

### PHOENIX DIVISION

| | |
|---|---|
| LAWRENCE du PONT<br><br>Plaintiff,<br><br>vs.<br><br>CENTERPOINT LEGAL SOLUTIONS, LLC.<br><br>Defendant, | Case No.:<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

NOW COMES the plaintiff, LAWRENCE DU PONT, by and through his attorneys, ANDERSON BANTA CLARKSON PLLC., and for his Complaint against the defendant, CENTERPOINT LEGAL SOLUTIONS, LLC., the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. LAWRENCE du PONT, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chandler, County of Maricopa, State of Arizona.

5. The debt that Plaintiff allegedly owed had been incurred for the personal use of Plaintiff and/or for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. CENTERPOINT LEGAL SOLUTIONS, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arizona. Defendant's principal place of business is located in the State of Minnesota. Defendant is registered as a limited liability company in the State of Minnesota.

8. According to information contained on its website, www.centerpointls.com, Defendant "provide[s] creditors and debt buyers a single national service point for collections and legal execution on non-preforming judgments."

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the

mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

14. On or about January 2, 2015, Defendant placed a telephone call to Plaintiff's place of employment in an attempt to collect the Debt.

15. Defendant's duly authorized representative, Mara Grisell, spoke with one of Plaintiff's colleagues, Claudia.

16. During the course of the aforementioned telephone call between Defendant and Claudia, Ms. Grisell introduced herself and informed Claudia that she was calling on behalf of Defendant.  Further, Defendant informed Claudia that Defendant was a debt collector and that she was calling to verify Plaintiff's employment.

17. Claudia informed Defendant that if it wished to verify employment then it needed to fax such a request.

18. After the aforementioned telephone call between Defendant and Plaintiff's place of employment, Claudia informed Plaintiff of Defendant's call and the nature of Defendant's call.

19. On or about January 5, 2015, Plaintiff called Defendant and asked to speak with Ms. Grisell.

20. Plaintiff was put through to an individual that identified herself as Mara.

21. Plaintiff spoke with Defendant and attempted to ascertain from Defendant the reason for its call to his place of employment

22. Further Plaintiff asked Defendant to provide him with information regarding the Debt.

23. When Plaintiff asked Defendant for information about the Debt, Defendant disconnected the call.

24. At no time during the course of Plaintiff's telephone call with Defendant did Defendant state that it was a debt collector, attempting to collect a debt and that any information it obtained would be used for that purpose.

25. On or about January 5, 2015, Defendant placed another telephone call to Plaintiff's place of employment.  Defendant spoke with Claudia who informed Defendant that she had not received any written request for employment verification as requested. Defendant then disconnected the call.

26. Shortly thereafter, plaintiff placed a second telephone call to Defendant to ascertain why Defendant was calling his place of employment and why it was informing Plaintiff's colleagues that a debt collector was calling to verify employment.  Plaintiff spoke with an individual that identified himself as Jeff Bronson and a supervisor with Defendant. Mr. Bronson informed Plaintiff that he would investigate and get back to him.  Defendant failed to call Plaintiff with any additional information.

4

27. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

28. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

   b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   c. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   d. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   e. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

29.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    JURY DEMAND

30.     Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LAWRENCE DU PONT, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a.   All actual compensatory damages suffered;

   b.   Statutory damages of $1,000.00;

   c.   Plaintiff's attorneys' fees and costs;

   d.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ANDERSON BANTA CLARKSON PLLC**

By   s/ Adam C. Anderson
    Adam C. Anderson
    48 North MacDonald Street
    Mesa, AZ  85201
    adam@abclawgroup.com
    Attorney for Plaintiff